Ronald Wilcox, Esq., 176601
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

**ATTORNEY FOR PLAINTIFF**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JOAQUIN ARAGON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. C07 04704<br>) |
| THOMAS K. BAMFORD, | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT

## DEMAND FOR JURY

### I. INTRODUCTION

1. This is an action for damages brought by consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices, and Civil Code §3345 which provides for a trebling of damages for acts against disabled persons. Plaintiff was a disabled and unemployed person, at all times relevant herein, subjected to Defendant's false, deceptive and misleading collection practices.

COMPLAINT - 1

2. According to 15 U.S.C. § 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff JOAQUIN ARAGON (hereinafter "Plaintiff") was a disabled and unemployed person residing in San Jose, CA, at all times relevant herein.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant THOMAS K. BAMFORD (hereinafter "Defendant") is an attorney licensed to practice in the state of Texas and is engaged in the business of collecting consumer debts in California for third parties from a mailing address of 1201 Richardson Drive, Suite 201, P.O. Box 832070, Richardson, Texas 75080.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff incurred a financial obligation to Household Bank. The debt was primarily incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Plaintiff experienced difficulty in repaying the debt to Household Bank.

10. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the debt was sold, assigned or otherwise transferred to Arrow Financial Services, LLC.

11. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the debt was then sold, assigned or otherwise transferred to Defendant for collection from Plaintiff.

12. On or about October 4, 2006, Defendant sent a collection letter to Plaintiff in an attempt to collect a debt or collect payment on a debt. This was the first letter Defendant sent to Plaitiff.

13. This first letter referenced the account number 13758086061000252.

14. This first letter was the Defendant's first written notice addressed to the Plaintiff in connection with collecting the debt.

15. This first letter contained the facsimile signature of "Thomas K. Bamford" (Defendant).

16. This first letter failed to provide Plaintiff with a proper validation notice required by 15 U.S.C. § 1692g.

17. On information and belief, Plaintiff contends this first letter falsely threatened immediate legal action not intended and not taken within the time frame threatened in an effort to collect a debt.

18. This first letter contained false, deceptive, and misleading statements in an effort to collect a debt or collect payment on a debt.

COMPLAINT - 3

19. This first letter created a false sense of urgency.

20. This first letter falsely threatened to sue in an improper venue (Texas) or where Defendant is not licensed (California).

21. On information and belief, less than two weeks later Defendant send Plaintiff a second letter in an attempt to collect a debt.

22. This second letter made false, deceptive and misleading statements in an attempt to collect a debt, including: threatening immediate action not intended and not taken, including false threats of imminent suit.

23. Defendant did not file a lawsuit against Plaintiff as threatened nor did they intend to within the time frame threatened.

24. Plaintiff is substantially more vulnerable than other members of the public to Defendants' conduct because of his disability.

25. Plaintiff suffered substantial emotional distress in the form of anxiety, worry, panic, and loss of appetite, amongst other negative emotions.

26. Defendant sent these deceptive form collection letters to more than 40 persons in California, in the one-year preceding the filing of this complaint. Plaintiff may seek to amend to add class allegations at a later date.

## V. FIRST CLAIM FOR RELIEF
(Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)

27. Plaintiff incorporates by reference each paragraph alleged above.

28. The foregoing acts and omission of Defendant constitute violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including but not limited to those sections below.

29. Defendant violated 15 U.S.C. 1692e(10) by making false, deceptive, and misleading statements in an attempt to collect a debt.

30. Defendant violated 15 U.S.C. §§ 1692e and 1692e(5) by falsely threatening immediate actions not intended and not taken within the time frame threatened, including legal action.

31. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by creating a false sense of urgency.

32. Defendant violated 15 U.S.C. §§ 1692e and 1692g by failing to provide Plaintiff with required notices.

33. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully pray that judgment be entered against the Defendant for the following:

A. Judgment that Defendant's conduct violated the FDCPA.

B. Actual and statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

D. Trebling of damages pursuant to Civil Code §3345.

E. Grant such other and further relief as it deems just and proper.

_____   9/12/07
Ronald Wilcox                Date
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demand trial by jury in this action.

_____   9/12/07
Ronald Wilcox                Date